IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Case No. 03-cv-01291-MSK-CBS

FRIEDA E. ENSSLE,
BURKE E. ENSSLE,
HEIDI ENSSLE WILSON,

    PlaintiffS,

v.

ILLINOIS TOOL WORKS, INC.,
SAMES CORPORATION,
BINKS RESEARCH & DEVELOPMENT CORPORATION,
DORAN J. UNSCHULD,
JOHN DOE/JANE DOE (any person receiving value for transfer of Binks R&D assets),

    Defendants.

## ORDER DENYING MOTION

THIS MATTER comes before the Court on Defendant Illinois Tool Works, Inc.'s ("ITW") Motion for Leave to File Oversized Motions to Strike the Expert Reports and Any Opinions Offered by William Gallant, Ken Fucik, and Peter Bowes **(#238)**. Having considered the same, the Court

**FINDS** and **CONCLUDES** that:

The Court does not strike expert reports. Indeed, when an expert testifies at trial, his or her expert report is inadmissible hearsay unless it falls within an exception found in Fed. R. Evid. 801(d)(1). *See Potts v. Sam's Wholesale Club*, 1997 WL 126089, *3, 108 F.3d 1388 (10th Cir. 1997) (Unpublished).

Any party may challenge an expert opinion pursuant to Fed. R. Evid. 702 by filing a joint motion in the format set forth in the sample motion attached to this Order.  In the context of a Rule 702 challenge, the Court is concerned with whether a particular expert opinion is admissible under Rule 702, not with the expert's report.  A separate Rule 702 motion should be filed as to each expert.  The procedure for determining such motions is also attached to this Order.

**IT IS THEREFORE ORDERED** that Defendant Illinois Tool Works, Inc.'s ("ITW") Motion for Leave to File Oversized Motions to Strike the Expert Reports and Any Opinions Offered by William Gallant, Ken Fucik, and Peter Bowes **(#238)** is **DENIED**.

Dated this 29th day of June, 2005.

**BY THE COURT:**

_____

Marcia S. Krieger
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Case No. *-**-*(*)

*,

    Plaintiff(s),

v.

*,

    Defendant(s).

## PARTIES' JOINT MOTION UNDER FED. R. EVID. 702

The parties, through their undersigned counsel, hereby request a determination regarding the admissibility of opinion testimony from Plaintiff's expert Dr. John Smith.

### Opinion 1

The medical treatment provided by Dr. Jane Jones to Plaintiff was beneath the standard of care because she administered penicillin to Plaintiff without first determining whether Plaintiff was allergic to penicillin.

### Objection to Opinion 1

Dr. Smith lacks the knowledge skill, experience, training or education to express this opinion.

### Opinion 2

The medical treatment provided by Dr. Jones to Plaintiff fell beneath the standard of care because when she performed an x-ray on Plaintiff's leg, Dr. Jones failed to use proper techniques

resulting in the Plaintiff being overexposed to radiation.

**Objection to Opinion 2**

Dr. Smith lacks the knowledge skill, experience, training or education to express this opinion. Dr. Smith's opinion also is not the product of reliable principles and methods and is based upon insufficient facts and data.

**Time Requested for Hearing**

The parties anticipate that the admissibility of these two opinions can be determined in a 90-minute hearing.

Respectfully submitted this _____ day of _____, 200___.

[Signature Block]

# HEARING PROCEDURE FOR *DAUBERT* OR RULE 702 MOTIONS
(Effective March 1, 2004)

In a hearing on a *Daubert* or Rule 702 challenge to an expert opinion, the following procedure will be used.

1. The proponent of the expert testimony will identify the witness and itemize each opinion the witness will express as an expert.

2. As to each identified opinion, the opponent will state its challenge under Rule 702.
    a. The expert lacks the knowledge, skill, experience, training or education sufficient to express the opinion; OR
    b. The opinion is not based upon sufficient facts or data; OR
    c. The opinion is not the product of reliable principles and methods; OR
    d. The expert has not applied the principles and methods reliably to the facts of the case.

3. The proponent of the expert testimony will then call the expert witness and elicit information particular to the identified challenge(s), followed by cross-examination and re-direct examination. The proponent may call additional witnesses, if necessary.

4. The opponent of the expert testimony may call witnesses to address the area challenged, followed by cross-examination and re-direct examination.