IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Case No. 03-cv-01291-MSK-CBS

FRIEDA E. ENSSLE,
BURKE E. ENSSLE,
HEIDI ENSSLE WILSON,

    Plaintiffs,

v.

ILLINOIS TOOL WORKS, INC.,
SAMES CORPORATION,
BINKS RESEARCH & DEVELOPMENT CORPORATION,
JOHN DOE/JANE DOE (any person receiving value for transfer of Binks R&D assets),

    Defendants.

## SUPPLEMENTAL ORDER PURSUANT TO FED. R. EVID. 702

Having reflected upon its oral ruling with regard to the admissibility of the opinions of Ken Fucik and William Gallant, the Court hereby supplements and clarifies its reasoning as follows.

Plaintiffs' experts, Mr. Fucik and Mr. Gallant, have expertise in environmental remediation. In addition, Mr. Gallant has training in geology and hydrogeology which he has used in his environmental remediation consulting business. Both were hired by the Plaintiffs to advise as to the nature and extent of the environmental contamination of the Plaintiffs' property, and to propose and supervise a remediation plan. These tasks were consistent with the experts' skill, expertise and past experience. Their opinions as to the state of contamination of the property when each assessed it and opinions arising from their remediation activities are admissible except

as otherwise specified in the Court's oral order.

Both experts have expressed opinions, however, that exceed the scope of their expertise and the nature of the services for which they were retained. In particular, they offer opinions as to the historical nature, scope, source and causes of contamination of the property before the Plaintiffs took possession of it and before the experts inspected it. They have specifically opined as to the contributing action or inaction of the Defendants ITW and Binks, both past tenants that occupied the property during sequential years before the Plaintiffs took possession.

Such opinions are of a historical nature. They also contain conclusive argumentative language. As to these opinions, the Defendants have objected that the foundational requirements have not been satisfied - that the experts lack the requisite skill, expertise and experience required, that the opinions have been based upon insufficient facts and data, and that the opinions are not the product of reliable principles or methods. For the following reasons, the Court sustains the Defendants' objections on all grounds asserted.

The burden of proof to establish the foundational requirements of opinions proffered under F.R.E. 702 is upon the Plaintiffs. *See Cook ex rel. Estate of Tessier v. Sheriff of Monroe County*, 402 F.3d 1092, 1107 (11th. Cir. 2005). The standard of proof is by a preponderance of the evidence. *See id.; Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 592 n.10 (1993).

With regard to the historical opinions, the record is devoid of evidence establishing that either expert has specific knowledge, training or experience in ascertaining the nature or scope of historical environmental contamination, the source of the contamination, the time the contamination occurred or its cause. Neither has engaged in a historical investigation and

assessment in any remediation project, other than this.  The historical opinions were requested solely for this lawsuit, and were not part of their original engagement to provide Plaintiffs a remediation assessment and advice.  The record contains no evidence from which the Court can conclude that these opinions were the product of any recognized, reliable methodology or principle used to make historical or causation determinations.  Neither expert identified, much less testified that he employed, any reliable methodology or principle to produce the historical opinions. Mr. Gallant described the information and data that he considered in formulating such opinions, including reviewing contemporaneous and historical site samples and various public records,  but he did not describe the process by which he evaluated this information.  In addition, without explanation of the methodology used or the principles followed, the Court cannot determine whether the facts and data relied upon were sufficient.

Put simply, on the record before the Court, the Plaintiffs have not established the foundational requirements for admission of opinions by Ken Fucik or William Gallant with regard to the nature or scope of the historical environmental contamination of the property (or off-site contamination) or the cause therefore.  As a result, such opinions are inadmissible.

Dated this 24th day of October, 2005

                                         **BY THE COURT:**

                                         Marcia S. Krieger
                                         United States District Judge