IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Case No. 03-cv-01291-MSK-CBS

FRIEDA E. ENSSLE,
BURKE E. ENSSLE,
HEIDI ENSSLE WILSON,

      Plaintiffs,

v.

ILLINOIS TOOL WORKS, INC.,
SAMES CORPORATION,
BINKS RESEARCH & DEVELOPMENT CORPORATION,
JOHN DOE/JANE DOE (any person receiving value for transfer of Binks R&D assets),

      Defendants.

## ORDER ALLOWING REBUTTAL EXPERT AT RULE 702 HEARING

THIS MATTER comes before the Court on the Plaintiffs' objection to rebuttal testimony offered by the Defendants at a hearing held on October 31, 2005 pursuant to Fed. R. Evid. 702. Also pending is the Plaintiffs' motion *in limine* **(#313)** pertaining to the same defense witness. Both sides have filed written arguments **(#319, #320)**. Having considered the same, the Court

**FINDS** and **CONCLUDES** that:

### I. Jurisdiction

The Court exercises subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

### II. Procedural Background

On October 31, 2005, the Court held a hearing pursuant to Fed. R. Evid. 702 with regard to expert opinion testimony from the Plaintiffs' proffered real estate appraisal expert, Peter

Bowes. At such hearing, the Defendants desired to elicit rebuttal testimony from David B. Clayton. The Plaintiffs objected, claiming applicability of the attorney-client privilege and ethical rules for real estate appraisers. The Court gave the parties 10 days to brief the issue.

The same day as the hearing, the Plaintiffs filed a Motion *in Limine* to Exclude Testimony of Defendants' Rebuttal Expert David B. Clayton **(#313)**, apparently for all purposes, including trial. The Defendants responded to the motion in their brief.

### III. Issues Presented

The Court must determine whether Mr. Clayton should be allowed to testify at the Rule 702 hearing. The Court must also determine whether it should preclude Mr. Clayton from testifying at trial.

### IV. Facts

The facts are largely undisputed. The Plaintiffs and their counsel contacted Wayne Hunsperger of Hunsperger & Weston, Ltd., to discuss the possibility of retaining him as an expert for this case. They met with him twice, once in 2003 and again in September 2004, to discuss the case and "theories that might apply" as to the Plaintiffs' losses. The Plaintiffs disclosed facts and litigation strategies to Mr. Hunsperger and expected their discussions to remain confidential. However, at the end of September 2004, Mr. Hunsperger declined to work for them.

The Defendants retained Mr. Clayton in February 2005. Mr. Clayton is an employee of Hunsperger & Weston, Ltd. He prepared a report for the Defendants which he completed in April 2005. It was not until after he completed the report that he learned that Mr. Hunsperger had been contacted by the Plaintiffs.

The Plaintiffs have proffered no evidence that Mr. Hunsperger disclosed any confidential

information to Mr. Clayton. They merely surmise that this occurred.

## V. Analysis

It is within the Court's inherent authority to disqualify an expert witness. *See English Feedlot, Inc. v. Norden Laboratories, Inc.,* 833 F. Supp. 1498, 1501 (D. Colo. 1993). The standard for disqualification of an expert differs from that pertaining to disqualification of an attorney because experts, unlike attorneys, are not advocates but instead are sources of information and opinions. *See id.*

Courts typically engage in a two-part inquiry in determining whether to disqualify an expert: (1) was it objectively reasonable for the first party who retained the expert to believe that a confidential relationship existed? and (2) if so, did the party disclose any confidential information to the expert? *See id.*[1] In addition to such analysis, courts balance competing policy objectives, such as preventing conflicts of interest and maintaining the integrity of the judicial process, on the one hand, and ensuring access to expert witnesses and allowing experts to pursue their professional calling, on the other. *See id.* at 1504-05. The party seeking disqualification bears the burden of proof. *See id.* at 1502.

The Plaintiffs arguably have established that a confidential relationship existed between themselves and Mr. Hunsperger, but not that such a relationship existed between themselves and

---

[1] The Tenth Circuit has not addressed this standard. However, at least one circuit court has adopted it, along with numerous district courts. *See, e.g., Koch Refining Co. v. Jennifer L. Boudreau M/V,* 85 F.3d 1178, 1181 (5th Cir. 1996); *Lacroix v. BIC Corp.*, 339 F. Supp. 2d 196, 199-200 (D. Mass. 2004); *Hewlett-Packard Co. v. EMC Corp.*, 330 F. Supp. 2d 1087, 1095 (N.D. Cal. 2004); *Crenshaw v. Mony Life Ins. Co.*, 318 F. Supp. 2d 1015, 1026 (S.D. Cal. 2004); *Mays v. Reassure America Life Ins. Co.*, 293 F. Supp. 2d 954, 957 (E.D. Ark. 2003); *Larson v. Rourick*, 284 F. Supp. 2d 1155, 1156 (N.D. Iowa 2003); *Rodriguez v. Pataki*, 293 F. Supp. 2d 305, 311 (S.D.N.Y. 2003). Some courts add further inquiries, including: (3) does the public have an interest in allowing the expert to testify? (4) will the Court's decision be fundamentally unfair or prejudicial to any party? and (5) will disqualification of the expert promote the integrity of the legal process? This Court elects to follow the standard set forth in *English Feedlot, Inc.*

Mr. Clayton. Although Mr. Hunsperger and Mr. Clayton both work for Hunsperger & Weston, Ltd., they have not demonstrated that Mr. Hunsperger divulged to Mr. Clayton any of the information that the Plaintiffs or their counsel discussed with him at either the 2003 or 2004 meetings. Absent any such disclosure, it is not objectively reasonable for the Plaintiffs to believe that they had a confidential relationship with Mr. Clayton.

The Plaintiffs argue that Colorado's attorney-client privilege applies and prevents Mr. Clayton from offering testimony in this case. They reason that Mr. Hunsperger is an agent of Plaintiffs' counsel, and the Plaintiffs did not give him permission to discuss anything with Mr. Clayton. However, as the district court stated in *English Feedlot, Inc.,* the attorney-client privilege does not provide the appropriate framework for determining whether expert testimony should be excluded for a conflict of interest. Moreover, the Plaintiffs have not demonstrated that Mr. Hunsperger communicated with Mr. Clayton about this case.

The Plaintiffs also argue that Mr. Clayton is a licensed attorney who is subject to Rule 1.8(b) of the Colorado Rules of Professional Conduct. This rule provides: "A lawyer shall not use information relating to representation of a client to the disadvantage of the client unless the client consents after consultation, except as permitted or required by Rule 1.6 or Rule 3.3." The Court doubts the application of such rule in this context. The Plaintiffs concede in their motion that they were not Mr. Clayton's client.

The Plaintiffs further argue that Mr. Hunsperger has acted contrary to an ethics rule for appraisers which provides: "An appraiser must not disclose confidential information or assignment results prepared for a client to anyone other than the client and persons specifically authorized by the client[.]" Because the Plaintiffs have not demonstrated that Mr. Hunsperger disclosed any

4

confidential information to Mr. Clayton, they have shown no violation of this rule.

The Plaintiffs have not shown that Mr. Clayton should be precluded from testifying at the Rule 702 hearing concerning the opinions of Mr. Bowes. As far as trial is concerned, the Court will not prevent Mr. Clayton from testifying unless the Plaintiffs establish the predicate for disqualification at that juncture.

**IT IS THEREFORE ORDERED** that:

(1) The Plaintiffs' oral objections to the testimony of Mr. Clayton at the Rule 702 hearing concerning the opinions of Mr. Bowes are **OVERRULED**.

(2) The Plaintiffs' motion *in limine* (**#313**) is **DENIED**.

(3) The Rule 702 hearing concerning the opinions of Mr. Bowes shall resume on **January 6, 2006** at **10:00 a.m.**, in Courtroom A901 of the United States Courthouse located at 901 19th Street, Denver, Colorado, **not to exceed one hour**.

(4) The Rule 702 motion **(#267)** concerning the opinions of Brian Goodheim remains undetermined. It was scheduled to be heard on October 31, 2005, but the parties ran out of time to address it. A hearing on this motion will be held on **January 6,**

**2006** at **11:00 a.m.**, **not to exceed one hour**.

Dated this 22nd day of November, 2005

                                               **BY THE COURT:**

*[signature: Marcia S. Krieger]*

                                               Marcia S. Krieger
                                               United States District Judge